E-FILED
Tuesday, 08 September, 2026 12:32:49 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

CURTIS LEROY THOMPSON,
Plaintiff,

v.

BRIAN CURRAN, *et al.*,
Defendants.

Case No. 3:26-cv-03086-JEH

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently incarcerated at Robinson Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was detained at the Adams County Jail ("Jail"). (Doc. 12). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Sheriff Anthony Grootens, Jail Administrator Brian Curran, and unidentified nurses at the Jail.

Plaintiff states he takes medication for lung problems. Plaintiff alleges unidentified Jail staff did not pass out his medication between July 13, 2025, and February 19, 2026. Plaintiff claims Defendant Curran is at fault because "he did not have the proper staff working at the time." (Doc. 12 at p. 5).

Plaintiff alleges he did not receive his mental health medication on December 1, 2025, due to the staffing issue.

On December 6, 2025, an unidentified nurse allegedly gave Plaintiff another inmate's mental health medication. Plaintiff alleges Defendant Grootens failed to ensure his staff provided proper medical treatment.

Plaintiff alleges Defendant Curran and unidentified medical staff did not send his medical information to "Stateville Department of Corrections" on approximately December 19, 2025. *Id.*

Plaintiff states he received special diet trays, but kitchen staff allegedly put jelly on his tray on an unspecified date. Plaintiff states he ate the food, had a mild allergic reaction, and was placed under observation. Plaintiff claims Defendant Curran and Jail staff violated his rights by not providing proper food.

On an unknown date in November, Plaintiff was seen by an outside urologist and was told he needed surgery. An unidentified nurse allegedly told Plaintiff that she would like to wait to see what happened with his court cases before scheduling surgery. Plaintiff alleges Defendant Curran and nursing staff delayed his medical treatment.

**III**

Plaintiff's claims are not properly joined in one lawsuit. Unrelated claims against the same Defendant may be joined in one action, but different Defendants

can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Additionally, there is no *respondeat superior* under § 1983. In other words, Defendant Sheriff Grootens and Jail Administrator Curran cannot be liable based solely on their supervisory positions. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court finds that any further amendment would be futile, as Plaintiff has had multiple opportunities to allege a cognizable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE as violation of Federal Rules of Civil Procedure 18 and 20. The Court finds any further amendment would be futile.**

**2) The Clerk is directed to close this case and enter judgment.**

**3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).**

**4) A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: September 8, 2026

s/Jonathan E. Hawley
U.S. District Judge